**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT LAUDERDALE DIVISION**

**Civil Action Number:**

ALEXANDER JOHNSON,

Plaintiff,

vs.

K1 SPEED, INC.,

Defendant.

---

# COMPLAINT

---

Plaintiff Alexander Johnson, by and through his undersigned counsel, hereby files this Complaint and sues K1 Speed, Inc. for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA") and compensatory and punitive damages pursuant to the Florida Civil Rights Act as codified in Florida Statutes Chapter §760 and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA") and 28 C.F.R. §§36.302, 36.303 and supplemental jurisdiction over the related state law claim pursuant to 28 U.S.C. §1367. The foregoing constitutes violation of 28 C.F.R. §§s 36.302, 36.303 and 42 U.S.C. §12182.

2. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

3. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(L) in that all events giving rise to this lawsuit occurred in the State of Florida, Southern District of Florida.

4. Remedies provided by Florida Statute §760 are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

5. Alexander Johnson (hereinafter referred to as "Plaintiff") was (and is currently) a resident of the State of Florida who suffers from what constitutes a "qualified disability" under the ADA. The Plaintiff is (and has been) hearing impaired and suffers from severe bilateral sensorineural hearing loss. The Plaintiff's disability is defined in 28 C.F.R. §36.104 (1)(iii); Plaintiff's hearing impairment is listed among the physical impairments that substantially limits one or more major life activities; therefore the Plaintiff suffers from a disability covered by the protected class of disabled persons under the ADA and by Florida Statutes §§760.01(2), 760.02(6), and 760.02(11)(a).

6. Defendant K1 Speed, Inc. (also referenced herein as "Defendant") is authorized to conduct business in Florida as a foreign for-profit corporation and is conducting business within the jurisdiction of this court.

7. At all times material hereto, the Defendant was (and is) an entity owning and operating a go-kart racing sports entertainment facility called "K1 Speed," which is open to the public. As such, the Defendant meets the definition of a "public accommodation" because it is an entity which owns, operates, leases (or lease to) a "place of exercise or recreation" as defined at 42 U.S.C. §12181(7)(L) and 28 C.F.R. §36.104(2).

8. The Defendant's K1 Speed kart racing facilities meet the definition of a "Place of Public Accommodation," because it is "a place of exercise or recreation," and as such is subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(L); 28 C.F.R. Part 36.

9. The Plaintiff has required the use and accompaniment of a service animal as defined by 28 C.F.R. §36.104 and Florida Statues.

10. Plaintiff's service animal is trained to perform tasks for the Plaintiff by assisting Plaintiff in aspects of his hearing disability. Such tasks include, but are not limited to, alerting Plaintiff to the presence of other people and emergency sounds, retrieving items the Plaintiff has dropped that Plaintiff did not hear falling (ie: keys, wallet), and providing evasive protection from physical threats that Plaintiff would not otherwise detect.

11. Plaintiff has been accompanied by a service animal for many years. Plaintiff's service animal assists him in public environments (including travel and places of public accommodations); his service animal stays by his side to alert, assist, and protect him from harm. Plaintiff's service animal is a dog named "Snoopy," and is also referenced throughout as "service animal," or as "Snoopy".

12. On February 14, 2017, the Plaintiff was accompanied by his service dog Snoopy when he personally visited the Defendant's Kart Racing Center called K1 Speed located at 2950 Stirling Road, Hollywood, Florida 33020 (hereinafter "K1 Speed Kart Racing Center," "Kart Racing Center," or "place of public accommodation") to ride the go-karts with his friend. The Plaintiff's visit was prior to instituting the instant action.

13. At the time Plaintiff visited Defendant's Kart Racing Center, the Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities offered therein.

14. The Defendant failed to provide a safe place for Plaintiff's service animal to be tied up, kenneled, or safeguarded while Plaintiff was intending to ride a go-kart at Defendant's Kart Racing Center.

15. Plaintiff requested a safe place for Plaintiff's service animal to be tied up, kenneled, or safeguarded while he rode a go-kart at Defendant's Kart Racing Center. Plaintiff asked if his service animal could be tied behind the service desk or in the manager's office so that no one could bother, harass, or vex his service animal while he rode a go-kart. Defendant's representatives denied a separate location to hold Plaintiffs service animal and told Plaintiff he could tie his service animal to a post which was exposed to the general public.

16. The Plaintiff stated that he was hearing impaired and was accompanied by his service animal. Plaintiff expressed concern that his trained service animal would be unguarded while he rode the go-kart.

17. Undaunted by Plaintiff's disability, Defendant's representatives were unrelenting and continued to refuse to accommodate the Plaintiff by providing a place to secure his service animal away from the public while he rode the go-kart.

18. The Plaintiff left the Defendant's Kart Racing Center embarrassed and humiliated without having enjoyed riding a go-kart due to Defendant's failure to provide safe and secure accommodation for his service animal.

19. The conduct of Defendant's representatives was unreasonable and discriminatory, and as a result thereto, the Plaintiff was discriminated against and denied equal access to Defendant's goods and services in its place of public accommodation.

20. At all times material hereto, the Defendant was (and is) a company owning and operating K1 Speed Kart Racing Center, which is a "place of public accommodation" within the meaning of Title III.

21. As the owner and/or operator of the K1 Speed Kart Racing Center, Defendant (a public accommodation) knew, or should have known, that failure to reasonably accommodate individuals with disabilities and their service animals is a violation of 28 C.F.R. §36.302(c).

22. Thus, Defendant's refusal to provide a place away from the public (where the public could not touch or bother Plaintiff's service animal) is/was oppressive and in compete disregard for the Civil Rights of the Plaintiff in violation of 28 C.F.R. §36.302(c).

23. This discrimination resulted in the fact that the Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facility at the Defendant's place of public accommodation which is the subject of this lawsuit. See, Exhibit "A" for verification of Plaintiff's visit.

24. As a result of Defendant's discrimination, the Plaintiff suffered loss of dignity, mental anguish and other tangible injuries.

25. Plaintiff continues to desire to return to the K1 Speed Kart Racing Center at which he was denied safe and secure accommodation for his service animal (during the time Plaintiff intended to ride Defendant's go-karts), but the Plaintiff continues to be

injured in that he is concerned that he will again be denied accommodation, humiliated, discriminated against due to the fact that he is accompanied with his service animal, in violation of the ADA.

26. Plaintiff has retained the civil rights law office of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

**<u>COUNT I – SERVICE ANIMAL ACCESS - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT</u>**

27. Plaintiff Alexander Johnson realleges and incorporates by reference the allegations set forth in ¶¶s 1-26 herein above.

28. The Fifth Circuit has identified the following guidelines in the ADA's legislative history:

> A public accommodation which does not allow dogs must modify that rule for a blind person with a seeing-eye dog, a deaf person with a hearing-ear dog, or a person with some other disability who uses a service dog. Refusal to admit a dog in these circumstances is tantamount to refusing to admit the person who is in need of the dog. Moreover, a public accommodation may not require the person with a disability to be separated from the service, guide, or seeing-eye dog once inside the facility, *Johnson v. Gambrinus Company/Spoetzl Brewery*, 116 F.3d 1052, 1061n.6 (5th Cir. 1997) (quoting H.R. Rep. No. 485(II) (1990) reprinted in 1990 U.S.C.A.N. 303, 309).

29. Refusal of the Defendant to provide safe and secure accommodation for the Plaintiff's service animal while Plaintiff intended to patronized Defendant's place of public accommodation (as defined by 42 U.S.C. §12181(2) and §12181(7)(L)) is tantamount to refusing to admit the disabled Plaintiff.

30. Plaintiff's hearing loss limits the Plaintiff's major life activities. Therefore, Plaintiff is an individual with a disability under Title III of the "ADA",

§§12181-12189. Thus, Plaintiff is a qualified individual with a disability and is entitled to the protection of the ADA under 42 U.S.C. §12181, et. seq.

31. Public accommodations, such as the Defendant, are required to provide full and equal enjoyment of their goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to people with disabilities. 42 U.S.C. §12181(2), §12181(7)(L); 28 C.F.R. §36.203(a). Specifically, the public accommodation must:

a) Ensure that no individual is discriminated against on the basis of disability in the full and equal enjoyment of their goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any private entity that owns, leases, or operates a place of public accommodation. 42 U.S.C. §12182(a); 28 C.F.R. §36.201(a),

b) Make reasonable modifications in policies, practices, or procedures when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to people with disabilities. 42 U.S.C. §12188(a); 28 C.F.R. §36.302 (a),(c), and

c) Ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense. 42 U.S.C. §12182(a), §12182(L)(2)(A)(iii); 28 C.F.R. §36.303(a).

32. By the Defendant's blatant discrimination, by its completely unreasonable failure and refusal to accommodate Plaintiff's service animal while Plaintiff partook of Defendant's goods and services in its place of public accommodation, the Defendant has violated Title III of the ADA in numerous ways, including discriminatory action which occurred when the Defendant:

a) Failed to maintain policies and procedures to ensure compliance with Title III of the ADA and 28 C.F.R. §36.302(c); specifically policies that provide equal access to individuals with disabilities including their service animals,

b) Failed to accommodate Plaintiff and his service animal while Plaintiff was patronizing it's the place of public accommodation (K1 Speed Kart racing center), thus denying the Plaintiff the opportunity to fully and equally enjoy the goods, services, privileges, advantages and accommodations of that place of public accommodation due to the fact that he was accompanied by his service animal, in violation of 28 C.F.R. §§36.301, 36.302(c),

c) Denied full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, and other advantages of the public accommodation in violation of 42 U.S.C. §12181(2), §12181(7)(L), §12182(a); 28 C.F.R. §36.303(a).

33. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to require employees and the Owner of the place of public accommodation to assure that the place of public accommodation is accessible to, and useable by, individuals with disabilities, including their service animals.

34. The Court is vested with the authority to require the public accommodation, which serves the public generally, to allow service animals to accompany people with disability(ies) in all areas of the facility wherein the public is normally allowed to go.

**WHEREFORE,** Plaintiff Alexander Johnson respectfully prays that this Court grant the following relief against the Defendant K1 Speed, Inc. including entering a declaratory judgment, pursuant to Rule 57 of the FRCP stating that the Defendant's practices, policies, and procedures have subjected Plaintiff to discrimination in violation of Title III of the ADA, and permanently enjoin the Defendant from any practice, policy and/or procedure which will deny Plaintiff equal access to its place of public accommodation. This includes entry of a permanent injunction ordering the Defendant K1 Speed, Inc.;

a) To cease discrimination against the Plaintiff and other disabled persons who use service animals;

b) To promulgate and comply with policies and procedures to ensure that the Defendant and its staff and representatives do not discriminate against individuals who are disabled and use service animals;

c) To provide signage both inside and at the front door of the Defendant's Kart Racing Center stating that "SERVICE ANIMALS ARE WELCOME," in order to ensure compliance of all Defendants representatives and to ensure that individuals who are disabled and who use service animals are well informed of the Defendant's compliance with federal laws;

d) Provide accommodation for disabled individuals' service animals when those disabled individuals are partaking of Defendant's goods and services by providing a safe, secure place to kennel/tie up said service animals (i.e.: away from the general public or public harm) while those disabled individuals partake of riding Defendant's go-karts;

e) Award reasonable costs and attorneys fees; and

f) Award any and all other relief that may be necessary and appropriate.

**COUNT II - VIOLATION OF FLORIDA STATUTE §760**

35. Plaintiff Alexander Johnson realleges and incorporates by reference the allegations set forth in ¶¶s 1 - 26 above.

36. Defendant K1 Speed, Inc. has violated Florida Statute §760, which provides all persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, and advantages in any of public accommodation, without discrimination or segregation on the grounds of handicap.

37. Defendant has violated Florida Statute §760.02(11)(a), which states that an individual with a disability who utilizes a service animal is entitled to equal treatment in places of public accommodation.

38. The violations of Florida law were deliberate and knowing.

**WHEREFORE,** Plaintiff Alexander Johnson respectfully prays that this Court grant the following relief against the Defendant K1 Speed, Inc., including compensatory damages, damages for intangible injuries, punitive damages, costs including reasonable attorney's fees and interest and for the following injunctive relief and declaratory relief:

a) A declaration that the policies and procedures of the Defendant violated Florida Statue §760.02(6), in that the Defendant failed to consider and accommodate the needs of disabled persons and their service animals to the full extent required by Florida law.

b) An Order mandating that the Defendant train its employees, including management staff, to comply with all appropriate laws;

c) An Order mandating that the Defendant revise its policies, practices, and procedures toward persons with disabilities and undertake and complete corrective measures to provide equal access to individuals with disabilities and their service animals within a reasonable time;

d) An Order mandating that the Defendant expeditiously make all reasonable and appropriate modifications in their policies, practices, and procedures toward persons with disabilities and their service animals, and take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied access, segregated or otherwise discriminated against or treated differently than from the general public;

e) An Order that the Defendant install signage at the front door of the Defendant's Budget Inn motel and inside the motel stating that "SERVICE ANIMALS ARE WELCOME," in order to ensure compliance by the Defendant's representatives and to ensure that individuals who are disabled and who use service animals are well informed of the Defendant's motel's compliance with state laws;

f) Provide accommodation for disabled individuals' service animals when those disabled individuals are partaking of Defendant's goods and services by providing a safe, secure place to kennel/tie up said service animals (i.e.: away from the general public or public harm) while those disabled individuals partake of riding Defendant's go-karts;

g) Award compensatory damages including but not limited to mental anguish, loss of dignity, and any other intangible injuries;

h) Award reasonable costs and attorneys' fees; and

i) Award any and all other relief that may be necessary and appropriate.

Dated this 9th day of May, 2017.

Respectfully submitted,

*s/Scott Dinin*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com
*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT LAUDERDALE DIVISION**

Civil Action Number:

ALEXANDER JOHNSON,

Plaintiff,

vs.

K1 SPEED, INC.,

Defendant.

---

## VERIFICATION OF COMPLAINT

---

Plaintiff Alexander Johnson declares under penalty of perjury under the laws of the State of Florida that the allegations in the foregoing complaint are true and correct to the best of my belief, recollection and knowledge.

Date: 5-9-17

Alexander Johnson

**EXHIBIT "A"**